## AULTMAN v. MORSE.

*(Circuit Court, W. D. Missouri, W. D.   November term, 1882.)*

1. CONTRACT OF SALE—ACCEPTANCE.

    Where a contract of sale of machinery provided that notice should be given of any defect in the machinery within five days, a failure to give such notice will entitle the plaintiff to a verdict for the value thereof, but such notice may be waived.

2. SAME—VALUE OF PROPERTY.

    The law presumes the amount agreed upon by the parties is the true value of the property sold, and it is for the defendant to show that it is not.

*Phelps & Brown*, for plaintiff.

*Thompson & Cravens*, for defendant.

KREKEL, D. J., *(charging jury.)*   The dispute before you has grown out of the sale of a steam thresher and attachments sold by Aultman & Co. to Morse, the defendant, for $1,660.   To secure this amount the mortgage in evidence was given.   By it the machinery sold by Aultman & Co., as well as the cattle about which testimony has been given, were conveyed.   The machinery has been sold by Aultman & Co. under the provisions of the mortgage.   When Aultman & Co. demanded the cattle conveyed by the mortgage, Morse refused to deliver them up, and Aultman sued out his writ of replevin to obtain possession of the cattle.   Thereupon Morse gave bond, and thus retained the possession of the cattle.   He (Morse) now comes and defends that replevin suit, and says that the machinery sold him was not such as it was warranted to be, and that he ought not to pay for it, and that he has already paid more than the machinery is worth.   The written agreement under which the machinery was sold contains a provision that it must. be tried within five days, and if found faulty notice thereof must be given within the five days to the company and the local agent from whom the machinery was bought, otherwise it shall be assumed that the purchaser has accepted the machinery in satisfaction of the contract, and shall thereafter have no claim on the seller for damages.   The company, Aultman & Co., have their manufactory or place of business in Ohio.   The defendant, Morse, lives in Missouri.   The time for trying machinery of the kind sold and the notices to be given may appear to you to be short, yet the parties have so made the contract, and they must stand by it. You are instructed, therefore, that plaintiff is entitled to a verdict in his favor if notice of defect in the machinery sold was not given within five days, as provided in the contract, and you should find the prop-

erty in controversy to be the property of plaintiff, finding the value thereof under the testimony, and specifying the same in your verdict.

The conditions of the contract spoken of are conditions favoring the plaintiff, and he may waive the same verbally by acts or in writing. If you shall find from the testimony that the company received notice or waived the notice provided for in the contract, then your inquiry will be, what was the machinery such as was sold worth, and was it as good as machinery of the kind, ordinarily, in considering the aims to which such machinery is put? The law presumes the amount agreed on by the parties is the true value of the property sold, and it is for defendant to show that it is not. For the purpose of determining the value of the property you will carefully examine the whole of the evidence, the length of time the defendants used the machinery, and whether or not such continued use of the machinery was induced by the acts of plaintiff's agent. In order that you may know the nature of your verdict and finding, I hand you for your use the following instructions:

In case the jury finds the issues for plaintiff, they will find the value of the property taken by plaintiff from defendant and specify the amount in their verdict. If the jury find the issues for the defendant, they will first find the value of the machinery sold by plaintiff to the defendant, and if the value thereof is greater than the payments made thereon by the defendants, allow the plaintiff the difference and specify that difference in their verdict. If the jury find from the evidence that the amount paid by defendant is as great or greater than the value of the machinery, they will find the issues for the defendant.